FILED
2011 Jan-03  AM 09:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GUSTUS ALLEN PRICE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **2:10-cv-01592-AKK** |
| **UNITED STATES OF** | ) | |
| **AMERICA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Before the court is Defendants United States of America, the United States

Marshal Chester Martin Keely ("Marshal Keely"), and the United States Marshals

Office's (collectively "Defendants") Motion to Dismiss and for Summary

Judgment.  Doc. 8.  Defendants move to dismiss Plaintiff Gustus Allen Price's

("Plaintiff") complaint based upon Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction

and 12(b)(6) for failure to state a claim.  Additionally, Defendants move for

summary judgment under Fed. R. Civ. P. 56.  Plaintiff failed to respond to

Defendants' motion, and it is now ripe for consideration.  For the reasons stated

fully below, the court DISMISSES the claims against the United States of

America, the U.S. Marshal's Office, Marshal Keely in his official capacity, and

1

Marshal Keely's Unnamed Employees and Agents without prejudice.  The court DISMISSES with prejudice the claims against Marshal Keely in his individual capacity, to the extent such a claim exists. Costs are taxed as paid.

Plaintiff brings this action under the laws of Alabama and under the United States Constitution pursuant to 42 U.S.C. § 1983.  *Id.* at ¶¶ 1-4.  He asserts claims for excessive force, assault and battery, failure to intervene, negligent supervision, inadequate training, deliberate indifference, and outrage.  *Id.* at ¶¶19-33. Defendants move to dismiss the complaint and also move for summary judgment. Doc. 9.  Because Defendants move pursuant to multiple federal rules, the court articulates the standard of review appropriate for each.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient.  *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation

marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).[1]

Under Federal Rule of Civil Procedure 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Plaintiffs, as the parties invoking jurisdiction, bear the burden of establishing the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Attacks on subject matter jurisdiction under Rule 12(b)(1) occur in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). "'Facial attacks' on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999) (quoting *Lawrence*, 919 F.2d at 1528-29). Therefore, "when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim

---

[1] The Eleventh Circuit has made clear that district courts should no longer apply a heightened pleading standard to actions under § 1983. *See Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). "After *Iqbal* it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints." *Id.*

made." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  "Factual attacks, on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Cook Oil Co., Inc. v. United States*, 919 F. Supp. 1556, 1559 (M.D. Ala. 1996) (quoting *Lawrence*, 919 F.2d at 1529).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

4

On a motion to dismiss under Rule 12(b)(6), the court accepts all of a plaintiff's factual allegations as true.  *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth.  *Iqbal*, 129 S. Ct. at 1950.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(c).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of proving the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial."  *Id.* at 324 (internal citations and quotations omitted).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court must construe the

evidence in the light most favorable to the nonmoving party.  *Adickes v. S. H.*

*Kress & Co.*, 398 U.S. 144, 157 (1970).

Rule 56(e) states that where, as here, the non-moving party does not respond

to a motion for summary judgment, "summary judgment should, if appropriate, be

entered against that party."  "Thus, summary judgment, even when unopposed, can

only be entered when 'appropriate.'" *U.S. v. One Piece of Real Property Located*

*at 5800 SW 74th Ave., Miami, Fla.*, 363 F. 3d 1099, 1101 (11th Cir. 2004).

## II. BACKGROUND

On June 20, 2009, Plaintiff drove to the America's Best Value Inn located at

1093 Higrove Parkway, in Leeds, Alabama in a stolen truck and rented a room.

Doc. 1 at ¶ 10.  When he heard a knock at the door of his room, he looked through

the viewfinder, saw United States Marshals (the "Marshals"), and assumed that

they came to arrest him.  *Id.*  Plaintiff was afraid the Marshals would send him

back to prison.  *Id.*  Therefore, to prevent his capture, he opened his motel room

door with his pistol placed to his own head.  *Id.*  The Marshals tried to convince

Plaintiff to lower the weapon by telling him that "things were not as bad as they

may seem."  *Id.*  Plaintiff then called his mother to tell her he loved her, apparently

in an effort to convince the Marshals of the sincerity of his suicidal threat.  *Id.*

After the phone call, Plaintiff walked to the stolen truck and climbed inside, keeping the gun pointed at his own head throughout. *Id.* The Marshals then moved to the front of the vehicle with their guns drawn toward Plaintiff, who believed he would be shot if he lowered his weapon or inserted the keys in the ignition. *Id.* Plaintiff claims he could not have driven away because the Marshals' vehicles were blocking the exits. *Id.*

Plaintiff never lowered his weapon nor started the truck, but one Marshal opened fire, shooting him in the wrist first, then four or five other times in the wrist, face, and arm. *Id.* Plaintiff then complied with the Marshals' orders, unlocking his truck and allowing the Marshals to pull him from the vehicle. *Id.* Plaintiff claims that, at some point when he was on the ground, a Marshal kicked him after he was pulled from the truck. *Id.* Plaintiff also alleges that the Marshals waited "an excessive amount of time" before calling an ambulance to take him to the hospital. *Id.* As a result, Plaintiff sues several of the Marshals and their employers for the alleged unconstitutional manner in which they carried out his arrest.

### III.  ANALYSIS

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins.*

*Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, federal courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Charon-Bolero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005); *Allapattah Servs., Inc. v. Exxon Corp.*, 362 F.3d 739, 753 (11th Cir. 2004). Defendants assert that this court lacks jurisdiction over some or all of Plaintiff's claims.

Though Plaintiff failed to respond and the court may treat Defendants' motions as unopposed, the court still must analyze the merits of Defendants' arguments. *See Boazman v. Economics Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) (holding that a plaintiff's failure to respond is insufficient ground for dismissal with prejudice on a motion for summary judgment).[2] Nonetheless, the court need not manufacture arguments for Plaintiff. *See Resolution Trust Corp. v. Dunbar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.") (internal citation omitted); *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 2010.

2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf.").

Likewise, the court may presume that Plaintiff does not oppose Defendants'

arguments.  *See, e.g.*, *Anderson v. Greene*, No. Civ. 05-0393-WS-M, 2005 WL

1971116, at *2 (S.D. Ala. Aug. 16, 2005) (noting that when plaintiff has

"neglected to respond to the Motion to Dismiss . . . the Court can only conclude

that the Motion is unopposed, and that plaintiff has waived the right to be heard in

opposition to same").  "Accordingly, [Plaintiff's] decision not to proffer argument

or authority in response to [Defendants' motion] is at his peril."  *Id.* at *3.

## A.    Substitution of United States for Marshal Keely is Proper

Pursuant to 28 U.S.C. § 2679(d)(1), the United States submitted a

certification that, to the extent he is referenced in Plaintiff's complaint, Marshal

Keely was acting within the scope of his employment.  Doc. 7.  Plaintiff did not

contest that certification.  "[W]hen a federal employee is found to be acting within

the scope of his or her federal employment at the time of the alleged incident, the

United States *shall* be substituted as the sole defendant pursuant to 28 U.S.C. §

2679(d)(1)."  *Perry v. United States*, 936 F.Supp. 867, 879 (S.D. Ala. 1996)

(emphasis in original); *see also United States v. Smith*, 499 U.S. 160, 165-66

(1991) (holding that the FTCA "the exclusive mode of recovery for the tort of a

Government employee"); *Blohm v. Bradley*, 821 F. Supp. 1451, 1456 (S.D. Ala.

9

1993).  Thus, the United States is properly substituted as the defendant in place of

Marshal Keely with respect to Plaintiff's common law tort claims.

**B.    Motion to Dismiss for Failure to Comply with U.S.C. § 2675**

"Absent a waiver of immunity the United States is immune from suit in

tort." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).  The partial waiver

of immunity, as found in the Federal Tort Claims Act ("FTCA"), "exists wholly by

virtue of congressional consent which fixes the terms and conditions on which suit

may be instituted."  *Id.*  Thus, suits against the United States are subject to the

following procedural prerequisite:

> An action shall not be instituted upon a claim against the United States for
> money damages for injury or loss of property or personal injury or death
> caused by negligent or wrongful act or omission of any employee of the
> Government while acting within the scope of his office or employment
> unless the claimant shall have first presented the claim to the appropriate
> Federal agency . . . .

28 U.S.C. § 2675(a).  "This requirement is jurisdictional and cannot be waived."

*Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984); *see also Gregory*, 634

F.2d at 203-04 ("The requirement of exhaustion of administrative review is a

jurisdictional requisite to the filing of an action under the FTCA.").  Where a party

does not meet these procedural prerequisites, sovereign immunity bars his claims

against the United States.  Moreover, even if a party properly asserts a claim under

the FTCA, the limited waiver of sovereign immunity therein does not include

*constitutional* torts.  *See United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (noting the United States has not waived its sovereign immunity through the FTCA with respect to constitutional torts).

Here, Plaintiff does not invoke the FTCA.  Plaintiff asserts jurisdiction under the Fourth, Fifth, and Fourteenth Amendments pursuant to § 1983.  Plaintiff cannot maintain his § 1983 claim, however, because 42 U.S.C. § 1983 applies only to a violation of a federal or constitutional right while the defendant was acting under color of state law.  *See Parratt v. Taylor* 451 U.S. 527, 535 (1981).  Section 1983 is inapplicable to actions taken under color of federal law.  *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973); *Hindman v. Healy*, 278 F. App'x 893, 895 (11th Cir. 2008).  As described above, the FTCA is the appropriate means for Plaintiff to pursue his claim.  But because the United States has not waived its sovereign immunity except as under the FTCA, sovereign immunity bars Plaintiff's § 1983 claims.

However, assuming Plaintiff properly asserted a claim under the FTCA, Plaintiff still has not met the FTCA's procedural requirements because he failed to submit his claims for administrative review.[3]  Thus, this court does not have

---

[3] In their motion, Defendants assert that Plaintiff failed to submit to administrative review and submitted an affidavit from the general counsel of the United States Marshal Service confirming that Plaintiff has not filed any administrative claim relating to this matter.  Doc. 10-1. Such evidence is properly considered by the court in order to ascertain whether it may assert

subject matter jurisdiction over Plaintiff's claims against the United States

(including Marshal Keely in his official capacity, as noted above) or the United

States Marshals Service.  Accordingly, those claims, both common law and

constitutional, are DISMISSED without prejudice.

## C.    Claims Against Marshal Keely in His Individual Capacity[4]

"The defense of qualified immunity completely protects government

officials performing discretionary functions from suit in their individual capacities

unless their conduct violates clearly established statutory or constitutional rights

of which a reasonable person would have known."  *Gonzalez v. Reno*, 325 F.3d

1228, 1233 (11th Cir.2003) (internal quotation marks  and citation omitted).

Immunity allows government officials to carry out their discretionary duties

---

jurisdiction over Defendants.  Significantly, Plaintiff concedes this point by failing to respond.

[4]Plaintiff asserts claims against Defendants, including Marshal Keely, pursuant to § 1983, which is inapplicable to actions taken under color of federal law.  *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973); *Hindman v. Healy*, 278 F. App'x 893, 895 (11th Cir. 2008).  Moreover, Plaintiff provides no indication that his claims are against Marshal Keely in his individual capacity nor did Plaintiff serve Marshal Keely in his individual capacity. Defendants, however, assert defenses of qualified immunity, so the court will treat Plaintiff's complaint as though it sues Marshall Keely individually as well.  *See, e.g.*, *Fitzgerald v. McDaniel*, 833 F.2d 1516, 1520 (11th Cir. 1987) (noting that raising and arguing qualified immunity defense suggests defendant is sued in his individual capacity); *Walters v. City of Andalusia*, 89 F. Supp. 2d 1266, 1279 n.6 (M.D. Ala. 2000) (same); *see also Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (noting that the defenses raised and course of proceedings may indicate whether defendant is sued in official capacity or personal capacity).  Likewise, because the law in the Eleventh Circuit is substantially the same regarding an action pursuant to § 1983 and a *Bivens* action, *see Daniel v. United States Marshal Serv.*, 188 F. App'x 954, 962-63 (11th Cir.2006), the court will construe Plaintiff's complaint as, in fact, asserting a *Bivens* action because he sues a federal agent.

without fear of personal liability or harassing litigation. *Id.* "Because qualified immunity is an entitlement not to stand trial or face the other burdens of litigation, questions of qualified immunity must be resolved at the earliest possible stage in litigation." *Id.* (internal citation and quotation marks omitted). "It is therefore appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage." *Id.* Thus, a court is "obliged to grant qualified immunity to a law enforcement officer unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was 'clearly established' at the time of the incident." *Oliver v. Fiorini*, 586 F.3d 898, 904 (11th Cir. 2009) (citing *Pearson v. Callahan*, - - - U.S. - - -, 129 S. Ct. 808, 815-16, 818 (2009)).

The Eleventh Circuit applies the law governing 42 U.S.C. § 1983 to a *Bivens* action as well. *Daniel v. United States Marshal Serv.*, 188 F. App'x 954, 962-63 (11th Cir. 2006). Thus, as with § 1983, "[s]upervisory officials are not liable in a *Bivens* action on the basis of respondeat superior or vicarious liability. Rather, supervisory liability under *Bivens* occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged

13

constitutional violation." *Martinez v. Minnis*, 257 F. App'x 261, 266 (11th Cir. 2007) (internal citations and quotation marks omitted) (citing *Gonzalez*, 325 F.3d at 1234).  "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Daniel*, 188 F. App'x at 963 (internal quotation marks omitted) (quoting *Harley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)).

Here, Plaintiff fails to state a claim against Marshal Keely.  It is undisputed that Marshal Keely was acting within the scope of his discretionary duties, to the extent he has any relation to the incident in question.  Thus, the court must determine whether Plaintiff pleads facts sufficient to circumvent Marshal Keely's qualified immunity.  Significantly, Plaintiff failed to allege that Marshal Keely personally participated or otherwise had any causal connection to the alleged use of excessive force.  Instead, Plaintiff almost readily grants that his claim against Marshal Keely is based solely on his supervisory role.  Plaintiff's few references to Marshal Keely are, in fact, references to "the United States Marshals acting under Chester Martin Keely."  Doc. 1 at 3.  Plaintiff does not allege any conduct on Marshal Keely's part, nor does he allege Marshal Keely was aware of a history of widespread abuses yet did nothing.  Likewise, Plaintiff failed to allege any

14

facts, much less sufficient facts, to demonstrate a widespread policy or custom supporting the use of excessive force or tolerating deliberate indifference to a prisoner's medical condition.

In short, Plaintiff has alleged no basis to state a claim against Marshal Keely for any constitutional deprivation allegedly caused by his employees.  *See, e.g.*, *Daniel*, 188 F. App'x at 963 (upholding dismissal of supervising Marshal where plaintiff failed to assert any conduct by supervisor or causal connection to the constitutional violations alleged against two U.S. Marshals).  Instead, Plaintiff alleges that agents on the scene used excessive force in violation of his Fourth Amendment rights, but Plaintiff fails to allege any facts which, if true, would establish that Marshal Keely caused that violation or had any reason to know it might occur.  *See Gonzalez*, 325 F.3d at 1236.  Thus, Marshal Keely is entitled to qualified immunity, *see id.*, and, as such, the claims against him in his individual capacity are DISMISSED with prejudice.

Even assuming Plaintiff could assert a causal connection between Marshal Keely and the conduct of the agents on the scene, Plaintiff's claims are still likely barred by qualified immunity.  To overcome a federal officer's qualified immunity, a plaintiff must also demonstrate a violation of a clearly established constitutional right.  *See Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  "In order to

determine whether a right is clearly established, we look to the precedent of the Supreme Court of the United States, [the Eleventh Circuit's] precedent, and the pertinent state's supreme court precedent, interpreting and applying the law in similar circumstances." *Oliver*, 586 F.3d at 907 (citation omitted).

The law in the Eleventh Circuit does not support Plaintiff's claim.  In *Garczynski v. Bradshaw*, 573 F.3d 1158 (11th Cir. 2009), the Eleventh Circuit upheld qualified immunity where officers used deadly force in response to the plaintiff's refusal to lower his weapon after he pointed it at his own head.  *Id.* at 1168 ("[T]he escalation into deadly force was justified by Garczynski's refusal to comply with the officers' commands.").  While the plaintiff in *Garczysnki* allegedly also pointed the gun at the officers, the Eleventh Circuit found that deadly force was justified regardless of whether the court accepted those facts as true.  *Id.* at 1169 ("Even if we assumed Garczysnki did not point his gun in the officers' direction, the fact that Garczysnki did not comply with officers' repeated commands to drop his gun justified the use of deadly force under these particular circumstances.").  Thus, with almost identical facts before them, the Eleventh Circuit upheld qualified immunity to the officers confronted by an allegedly suicidal plaintiff who refused to lower his weapon as ordered.

Here, Plaintiff asserts excessive force and deliberate indifference claims

based on substantially the same conduct as in *Garczynski*.  Though the *Garczynski*

opinion was released shortly after the Plaintiff's alleged incident occurred, the

decision of the Eleventh Circuit still controls here, as it makes clear that such a use

of deadly force is constitutionally permissible.  The law plainly contradicts

Plaintiff's assertion that he was not a threat to the officers or to others so long as

he kept the gun pointed at his own head.  *See id.* at 1169 (noting the acceptable

use of deadly force where the officers did not yet have control over the victim and

there was nothing preventing him from firing his weapon, especially in light of his

refusal to obey their commands); *see also Penley v. Slinger*, 605 F.3d 843, 851 n.2

(11th Cir. 2010) (noting that after *Garczysnki*, the use of deadly force was justified

where an armed suspect refuses to obey police commands, even if he does not

actually point his gun at the officers).  In fact, Plaintiff not only refused to lower

his weapon, but he made clear his intent to escape by fleeing to his stolen truck.

Plaintiff admits that he refused to comply with police commands, refused to

heed their attempts to calm him, and called his mother to say goodbye.  Doc. 1 at ¶

10.  Moreover, Plaintiff admits he then entered his vehicle in an attempt to escape,

but could not drive away because his car was blocked in.  *Id.*  Based upon

Plaintiff's set of facts, the officers used a constitutionally permissible level of

force to gain control of Plaintiff.  While Plaintiff alleges that the Marshals "called

for an ambulance after an excessive amount of time," such a vague and conclusory statement unsupported by additional facts will not save Plaintiff's case. *See Iqbal*, 129 S. Ct. at 1950. Plaintiff failed to assert any conduct by the U.S. Marshals attributable to Marshal Keely and, in particular, failed to assert any conduct or knowledge on the part of Marshal Keely himself. Accordingly, the court hereby DISMISSES with prejudice Plaintiff's constitutional claims against Marshal Keely.

**D.  Claims Against Unknown Marshals**

Plaintiff's complaint also refers to several unknown Marshals who Plaintiff asserts actually were involved in the incident. Based upon the foregoing analysis, such unnamed defendants are also likely entitled to qualified immunity. The Marshals' decision to use deadly force against Plaintiff is constitutionally permissible here, as noted above and in *Garzynski*. At best, then, Plaintiff alleges excessive force based upon one Marshal's decision to kick Plaintiff as he was pulled from the vehicle, though Plaintiff offers no further factual support or details regarding the offending Marshal.[5] Taking Plaintiff's facts as true, this one Marshal is also due immunity. Plaintiff's constitutional claims are against

---

[5] Plaintiff also claims the Marshals waited an "excessive amount of time" to call an ambulance. Plaintiff asserted no facts in support of his conclusion. Such a bald legal conclusion is insufficient to state a claim and, therefore, warrants dismissal for failure to state a claim. *Iqbal*, 129 S. Ct. at 1950.

officers who acted against an armed suspect in control of his vehicle.  Such claims,

whether for excessive force or deliberate indifference, fly in the face of the

Eleventh Circuit's recent decisions.  *See, e.g.*, *Jean-Baptiste v. Gutierrez*, - - - F.3d

- - -, 2010 WL 4932730, at *2-4 (11th Cir. Dec. 6, 2010) (reversing district court

and granting qualified immunity to officer who shot armed and fleeing suspect as

many as 14 times, even where the district court found that the suspect was

incapacitated and no longer in control of his weapon after the first shot);

*Crenshaw v. Lister*, 556 F.3d 1283, 1290-94 (11th Cir. 2009) (reversing the

district court and granting qualified immunity where officer allowed canine to bite

the suspect 31 times after armed suspect allegedly called out in attempt to

surrender, noting that the use of force need not be diminished until the suspect is

fully secured).

Despite Plaintiff's assertion to the contrary, the facts and Eleventh Circuit

law clearly demonstrate that Plaintiff, who was armed, attempting to escape, and

refusing the Marshals' orders, posed a threat.  Plaintiff does not assert that he was

fully subdued at the time he was allegedly kicked nor that he was handcuffed or

secured.  *See Galvez v. Bruce*, 552 F.3d 1238, 1244 n.6 (11th Cir. 2008) (noting

that where a suspect is not fully secured and handcuffed, the justifiable use of

force permitted by the Eleventh Circuit is greater).  In short, allegedly kicking an

19

armed suspect while trying to gain control of the suspect is not the type of conduct that this circuit finds as constitutionally impermissible.  Therefore, the Marshal in question, as well as the other Marshals, are also due qualified immunity.

## IV.  CONCLUSION

For the reasons stated above, the court hereby **DISMISSES** Plaintiff's claims against the United States, the U.S. Marshals' Service, and Marshal Keely and the unnamed Marshals in their official capacity without prejudice.  The court **DISMISSES** Plaintiff's claims against Marshal Keely and the unnamed Marshals in their individual capacity with prejudice.  Costs taxed as paid.

DONE and ORDERED this 3rd day of January, 2011.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE